IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| ALONZO MILLER, SR. and | : | |
| MELVIN WILLIAMS, | : | Civil Action File No. |
| | : | |
| Plaintiffs, | : | 1:16-cv-01093-ELR |
| | : | |
| vs. | : | |
| | : | |
| MOODY'S GARAGE, INC. and | : | |
| KEVIN L. GREENE, | : | |
| | : | |
| Defendants. | : | |

## FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(B), Plaintiff Alonzo Miller, Sr. ("Miller")
amends his Complaint [Dkt. 1] in its entirety for the purpose of adding Melvin
Williams ("Williams") as a Plaintiff herein and shows the Court as follows:

## A.    Introduction

1.

This is an FLSA case. Defendants failed to pay Miller and Williams
(collectively "Plaintiffs") at one-and-one half times their regular rates for all work
performed over forty hours during each work week of their employment.

## B.    Jurisdiction and Venue

### 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Moody's Garage is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## C.    The Parties

### 4.

Miller resides in Henry County, Georgia.

### 5.

Moody's Garage employed Miller as a tow truck driver in and around Atlanta, Georgia from August 8, 2008 until March 26, 2016.

### 6.

At all times from April 4, 2013 through March 26, 2016 ("the Miller Relevant Period"), Miller was an "employee" of Moody's Garage as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

At all times during the Miller Relevant Period, Moody's Garage was an "employer" of Miller as defined in FLSA § 3(d), 29 U.S.C. §203(d).

8.

Williams resides in DeKalb County, Georgia.

9.

Moody's Garage employed Williams as a tow truck driver in and around Atlanta, Georgia from July 20, 2015 through the present date.

10.

At all times relevant from July 20, 2015 through the present date ("the Williams Relevant Period") Williams has been an "employee" of Moody's Garage as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

11.

At all times during the Williams Relevant Period, Moody's Garage was an "employer" of Williams as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

Moody's Garage is a corporation organized under the laws of the State of Georgia.

13.

Moody's Garage is subject to the personal jurisdiction of this Court.

14.

Moody's Garage may be served with process through its registered agent Allen Sigal, 3845 Conley Street, College Park, Georgia 30337.

15.

Greene resides in DeKalb County, Georgia.

16.

At all times during the Miller Relevant Period, Miller was an "employee" of Greene as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

17.

At all times during the Miller Relevant Period, Greene was an "employer" of Miller as defined in FLSA § 3(d), 29 U.S.C. §203(d).

18.

At all times during the Williams Relevant Period, Williams has been an "employee" of Greene as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

19.

At all times during the Williams Relevant Period, Greene was an "employer" of Williams as defined in FLSA § 3(d), 29 U.S.C. §203(d).

20.

Greene is subject to the personal jurisdiction of this Court.

21.

Greene may be served with process at his residence located at 3226 Clifton Farm Drive, Decatur, GA or wherever he may be located.

**D.    Individual Coverage:**

22.

During the three years immediately preceding the initiation of this action, Plaintiffs operated Defendants' tow trucks for the purpose of providing towing services for the operators and owners of disabled or abandoned vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

23.

During the three years immediately preceding the initiation of this action, Plaintiffs were "engaged in commerce" as employees of Moody's Garage as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**E.    Enterprise Coverage:**

24.

During the three years immediately preceding the initiation of this action, Moody's Garage was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

25.

During the three years immediately preceding the initiation of this action, Moody's Garage had two or more employees who regularly provided towing services for disabled or abandoned vehicles on Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

26.

During 2013, Moody's Garage had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

27.

During 2014, Moody's Garage had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

During 2015, Moody's Garage had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29.

During 2016, Moody's Garage had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

30.

During the three years immediately preceding the initiation of this action, Plaintiffs and other employees of Moody's Garage handled the following goods

which moved in interstate commerce in the furtherance of the commercial purpose of Moody's Garage: trucks, gasoline, engine oil, uniforms, and cellular phones.

31.

During 2013, Moody's Garage had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

32.

During 2014, Moody's Garage had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

33.

During 2015, Moody's Garage had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

34.

During 2016, Moody's Garage had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

35.

During 2013, Moody's Garage had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

36.

During 2014, Moody's Garage had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

37.

During 2015, Moody's Garage had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

38.

During 2016, Moody's Garage had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

39.

During the three years immediately preceding the initiation of this action, Moody's Garage has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**F.     Statutory Employer**

40.

During the three years immediately preceding the initiation of this action, Greene exercised operational control over the Plaintiffs' work activities.

41.

During the three years immediately preceding the initiation of this action, Greene was involved in the day to day operation of the Moody's Garage in which Plaintiffs worked.

42.

During the three years immediately preceding the initiation of this action, Moody's Garage vested Greene with supervisory authority over Plaintiffs.

43.

During the three years immediately preceding the initiation of this action, Greene exercised supervisory authority over Plaintiffs.

44.

During the three years immediately preceding the initiation of this action, Greene scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

45.

During the three years immediately preceding the initiation of this action, Greene exercised authority and supervision over Plaintiffs' compensation.

## G.    Exemptions

46.

At all times during the Miller Relevant Period, Miller was not exempt from the maximum hour requirements of the FLSA by reason of any legal exemption.

47.

At all times during the Miller Relevant Period, Moody's Garage did not employ Miller in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

48.

At all times during the Miller Relevant Period, Moody's Garage did not employ Miller in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

49.

At all times during the Miller Relevant Period, Moody's Garage did not employ Miller in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

50.

At all times during the Miller Relevant Period, Miller did not supervise two or more employees.

51.

At all times during the Miller Relevant Period, Moody's Garage did not employ Miller in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

52.

At all times during the Miller Relevant Period, Miller was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)).

53.

At all times during the Miller Relevant Period, Miller's work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

54.

At all times during the Williams Relevant Period, Williams was not exempt from the maximum hour requirements of the FLSA by reason of any legal exemption.

55.

At all times during the Williams Relevant Period, Moody's Garage did not employ Williams in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

56.

At all times during the Williams Relevant Period, Moody's Garage did not employ Williams in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

57.

At all times during the Williams Relevant Period, Moody's Garage did not employ Williams in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

58.

At all times during the Williams Relevant Period, Williams did not supervise two or more employees.

59.

At all times during the Williams Relevant Period, Moody's Garage did not employ Williams in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

60.

At all times during the Williams Relevant Period, Williams was not exempt from the maximum hours requirements of the FLSA by reason of any exemption.

61.

At all times during the Williams Relevant Period, Williams was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)).

62.

At all times during the Williams Relevant Period, Williams' work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

63.

During the three years immediately preceding the initiation of this action, Plaintiffs operated flatbed tow trucks in their performance of work on behalf of Defendants.

64.

During the three years immediately preceding the initiation of this action, Plaintiffs did not operate tow trucks with a curb weight greater than 10,000 pounds.

65.

During the three years immediately preceding the initiation of this action, Moody's Garage was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

66.

During the three years immediately preceding the initiation of this action, Plaintiffs did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

67.

Section 7 of the FLSA (29 U.S.C. § 207) requires that Defendants compensate Plaintiffs at a rate of one and one half times their regular rates for each hour worked in excess of forty (40) hours in a work week.

68.

Defendants knew or should have known that the maximum hours requirements of the FLSA requires that Defendants compensate Plaintiffs at a rate of one and one half times their regular rates for each hour worked in excess of forty (40) hours in a work week.

69.

Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants compensate Plaintiffs a premium for all hours worked above forty in a given workweek.

70.

During the three years immediately preceding the initiation of this action, Plaintiffs regularly worked more than forty hours in a given workweek.

71.

During the three years immediately preceding the initiation of this action, Defendants compensated Plaintiffs on an hourly basis plus commissions.

72.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion of their earnings in commission each week.

73.

29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings be divided by the total hours worked in order to determine the regular hourly rate.

74.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty hours per week.

75.

During the three years immediately preceding the initiation of this action, Defendants failed to calculate a regular rate for Plaintiffs by dividing the sum total of the commission they earned and other earnings by the total hours worked.

76.

During the three years immediately preceding the initiation of this action, Defendants failed to pay Plaintiffs at one-and-one-half times this regular rate for work they performed in excess of forty (40) hours per week.

### COUNT 1 - FAILURE TO PAY OVERTIME
### TO PLAINTIFF MILLER

77.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

78.

At all times during the Miller Relevant Period, Miller was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

79.

At all times during the Miller Relevant Period, Miller regularly worked in Defendants' employ in excess of forty (40) hours each week.

80.

At all times during the Miller Relevant Period, Defendants failed to pay Miller at one and one half times his regular rate for work in excess of forty (40) hours in any work week.

81.

At all times during the Miller Relevant Period, Defendants willfully failed to pay Miller at one and one half times his regular rate for work in excess of forty (40) hours in any work week.

82.

Miller is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

83.

As a result of the underpayment of overtime compensation as alleged above, Miller is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

84.

As a result of the underpayment of overtime compensation as alleged above, Miller is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 2 -  FAILURE TO PAY OVERTIME
### TO PLAINTIFF WILLIAMS

### 85.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

### 86.

At all times during the Williams Relevant Period, Williams was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

### 87.

At all times during the Williams Relevant Period, Williams regularly worked in Defendants' employ in excess of forty (40) hours each week.

### 88.

At all times during the Williams Relevant Period, Defendants failed to pay Williams at one and one half times his regular rate for work in excess of forty (40) hours in any work week.

### 89.

At all times during the Williams Relevant Period, Defendants willfully failed to pay Williams at one and one half times his regular rate for work in excess of forty (40) hours in any work week.

90.

Williams is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

91.

As a result of the underpayment of overtime compensation as alleged above, Williams is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

92.

As a result of the underpayment of overtime compensation as alleged above, Williams is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs be awarded due but unpaid overtime compensation amounts to be determined at trial against Defendants, jointly and severally,

2. That Plaintiffs be awarded liquidated damages in amounts equivalent to their due but unpaid overtime compensation against Defendants, jointly and severally;

3. That Plaintiffs be awarded their costs of litigation, including their reasonable attorneys' fees against Defendants, jointly and severally; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

3100 CENTENNIAL TOWER                 /S/CHARLES R. BRIDGERS
101 MARIETTA STREET                   CHARLES R. BRIDGERS
ATLANTA, GEORGIA 30303                GA. BAR NO. 080791
(404) 979-3150
(404) 979-3170 (f)                    /S/ KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com       KEVIN D. FITZPATRICK, JR.
charlesbridgers@dcbflegal.com         GA. BAR NO. 262375

                                      COUNSEL FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|                                         |   |                       |
|-----------------------------------------|---|-----------------------|
| **ALONZO MILLER, SR. and MELVIN WILLIAMS,** | : | **Civil Action File No.** |
| **Plaintiffs,**                         | : | **1:16-cv-01093-ELR** |
| **vs.**                                 | : |                       |
| **MOODY'S GARAGE, INC. and KEVIN L. GREENE,** | : |                       |
| **Defendants.**                         | : |                       |

**Certificate of Service**

I hereby certify that on this date, I caused the foregoing document to be filed with the Clerk through the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Dated: May 11, 2016

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791
