## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Alonzo Miller, Sr. and Melvin Williams, for themselves and their heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiffs") and Defendants Moody's Garage, Inc. (referred to throughout this Agreement as the "Company") and Kevin L. Greene, agree that:

1. **Consideration.** In consideration for this Settlement Agreement and Release and compliance with its terms:

    a. Subject to approval of the terms of this Settlement Agreement by the United States District Court for the Northern District of Georgia in connection with the case captioned *Alonzo Miller, Sr. and Melvin Williams v. Moody's Garage, Inc. and Kevin L. Greene*; Case No. 16-cv-01093 (the "Action"), the Company agrees to pay the following amounts on the terms and conditions stated in this Agreement to settle the claims of Plaintiffs against the Company and Greene:

        i. Seven Thousand Nine Hundred Fifty-Five Dollars and Forty-One Cents ($7,955.41) will be paid to Plaintiff Miller as back wages. Statutory withholdings and applicable taxes will be withheld from this amount. The Company will issue an IRS Form W-2 to Plaintiff Miller for this wage portion of the payment. The Company will deliver this payment to Plaintiff Miller's counsel within fourteen (14) days of the date the Court approves the terms of this Settlement Agreement.

        ii. Seven Thousand Nine Hundred Fifty-Five Dollars and Forty-One Cents ($7,955.41) will be paid to Plaintiff Miller as liquidated damages and other consideration. No withholding or tax deductions will occur with regard to this payment. The Company will issue an IRS Form 1099 to Plaintiff Miller for this non-wages portion of the payment. The Company will deliver this payment to Plaintiff Miller's counsel within fourteen (14) days of the date the court approves the terms of this Settlement Agreement.

        iii. Seven Hundred Thirty-Nine Dollars and Twenty-Two Cents ($739.22) will be paid to Plaintiff Williams as back wages. Statutory withholdings and applicable taxes will be withheld from this amount. The Company will issue an IRS Form W-2 to Plaintiff Williams for this wage portion of the payment. The Company will deliver this payment to Plaintiff Williams' counsel within fourteen (14) days of the date the Court approves the terms of this Settlement Agreement.

        iv. Seven Hundred Thirty-Nine Dollars and Twenty-Two Cents ($739.22) will be paid to Plaintiff Williams as liquidated damages and other consideration. No withholding or tax deductions will occur with regard

Page 1 of 6

5. **Non-Disparagement.** Each Plaintiff and each Defendant agrees that he or it shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Plaintiffs' relationship with the Company and/or, to the extent relevant, the circumstances surrounding Plaintiffs' claims against the Company, or otherwise cast a negative characterization upon the other party. Each Plaintiff and each Defendant further agrees that he or it will not assist anyone else in doing so, or direct or encourage another to do so. The Company further agrees to respond to any inquiries regarding either Employee by providing only a neutral reference confirming that Employee's job title and dates of employment.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind, all such liability or responsibility being expressly denied.

8. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that Plaintiffs have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with Plaintiffs' decision to accept this Agreement, except for those set forth in this Agreement.

10. **Counterparts and Facsimiles.** This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed Agreement and which shall together shall be deemed to be one and the same instrument. A facsimile or copy of a signature shall be treated as an original signature for all purposes.

**PLAINTIFFS ARE ADVISED THAT THEY HAVE UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND GENERAL RELEASE. PLAINTIFFS ARE ALSO ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.**

Page 4 of 6

administrators, successors, and assigns (collectively referred to as "Releasees"), of and from any and all claims that have been brought by Plaintiffs in the Litigation, through the date of this Settlement Agreement and Release, limited to wage claims under federal, state, or local law for hours worked, including but not limited to such claims under the Fair Labor Standards Act or any state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for hours worked and from any and all claims, known and unknown, asserted or unasserted, which Plaintiffs have or may have against Releasees as of the date of execution of this Settlement Agreement

Plaintiffs are not waiving any rights they may have to: (a) their own vested accrued employee benefits under any retirement benefit plans as of the Separation Date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Settlement Agreement; (d) enforce this Settlement Agreement; and/or (e) challenge the validity of this Settlement Agreement.

Nothing in this Agreement prohibits or prevents Plaintiffs from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC., etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Plaintiffs' rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies.

4. **Acknowledgments and Affirmations.**

Each Plaintiff affirms that he has not filed, caused to be filed, and is not presently a party to any claim against the Company, other than those asserted in this Action.

Each Plaintiff affirms that all hours purportedly worked have been reported as of the date each Plaintiff signs this release and has been paid and/or each Plaintiff has received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date each Plaintiff signs this Agreement. Each Plaintiff affirms that he has been granted any leave to which he was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Each Plaintiff further affirms that he has no known workplace injuries or occupational diseases.

Each Plaintiff also affirms that he has not divulged any proprietary or confidential information of the Company and will continue to maintain the confidentiality of such information consistent with the Company's policies, each Plaintiff's agreement(s) with the Company, and/or common law.

      to this payment. The Company will issue an IRS Form 1099 to Plaintiff Williams for this non-wages portion of the payment. The Company will deliver this payment to Plaintiff Williams' counsel within fourteen (14) days of the date the court approves the terms of this Settlement Agreement.

   v. Fifteen Thousand Dollars and No Cents ($15,000.00) will be paid as attorney fees and expenses, at the direction of Plaintiffs, to their counsel of record. No withholding or tax deductions will occur with regard to this payment. The Company will issue an IRS Form 1099 to Plaintiffs' Counsel for this amount. The Company will deliver this payment to Plaintiffs' counsel within fourteen (14) days of the date the court approves the terms of this Settlement Agreement.

  b. Counsel for Defendants will deliver the foregoing payments to Plaintiffs' counsel of record, Charles R. Bridgers and Kevin D. Fitzpatrick, Jr., Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC, 3100 Centennial Tower, 101 Marietta Street, Atlanta, Georgia 30303 who, in turn, will ensure delivery to Plaintiffs of their respective portions stated above.

  c. The Parties agree that any change in the foregoing allocation or amounts ordered by the United States District Court for the Northern District of Georgia shall not impact the enforceability of this Agreement so long as the Company is required to pay no more or no less than a total of Seventeen Thousand Three Hundred and Eighty-Nine Dollars and Twenty-Six Cents ($17,389.26) to Plaintiffs, exclusive of attorneys' fees, plus an amount up to Fifteen Thousand Dollars and No Cents ($15,000.00) as attorneys' fees and expenses.

  d. The Parties agree to take all action necessary to seek approval of the terms of this Settlement Agreement by the United States District Court for the Northern District of Georgia, and agree to take all action necessary to have all claims in the Action dismissed with prejudice.

 2. **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that Plaintiffs would not receive the monies and/or benefits specified in paragraph "1" above, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein, and for Plaintiffs' Agreement to Dismiss with prejudice Plaintiffs' claims in Case No. 1:16-cv-01093, pending in the United States District Court of the Northern District of Georgia. Plaintiffs will, pursuant to this Agreement, obtain the dismissal with prejudice of all claims they have raised against the Company promptly upon Court approval of the settlement as required by the Fair Labor Standards Act ("FLSA").

 3. **Release.** Plaintiffs knowingly and voluntarily release and forever discharge the Company, its privies, parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and its employee benefit plans and programs and their administrators and fiduciaries and Greene, his heirs, executors,

Page 2 of 6

PLAINTIFFS MAY REVOKE THIS AGREEMENT AND GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DATE THEY SIGN THIS AGREEMENT AND GENERAL RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO L. DALE OWENS AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO L. DALE OWENS, OR HIS DESIGNEE, OR MAILED TO L. DALE OWENS, C/O JACKSON LEWIS, P.C., 1155 PEACHTREE STREET, SUITE 1000, ATLANTA, GEORGIA 30309. IF MAILED, SUCH REVOCATION MUST BE POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS OF THE DATE PLAINTIFFS SIGN THIS AGREEMENT AND GENERAL RELEASE.

PLAINTIFFS AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT AND GENERAL RELEASE DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**ALONZO MILLER, SR.**

By: _Mr. Alonzo Miller Sr._    Date: 12/22/16

**MELVIN WILLIAMS**

By: _Melvin Williams_    Date: 12/22/16

**MOODY'S GARAGE, INC.**

By: _[signature]_    Date: 12/22/16
Title: president

KEVIN L. GREENE

By: _____  Date: 12/27/16

4841-2202-3230, v. 1