# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ALONZO MILLER, SR. and<br>MELVIN WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>MOODY'S GARAGE, INC. and<br>and KEVIN L. GREENE,<br><br>Defendants. | * * * * * * * * * * * * | 1:16-CV-01093-ELR |

# ORDER

This matter is before the Court on the Parties' Joint Motion for Settlement Review and Approval (Doc. No. 21). Significantly, Plaintiffs' claims arise under the Fair Labor Standards Act ("FLSA"), which was enacted in 1938 for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working hours." Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2162 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory.

Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. Id.

In this Circuit, courts have acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first way to settle an FLSA back wage claim, which is inapplicable to this case, involves actions taken by the Secretary of Labor. Id. at 1353. The second way, on the other hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions[,]" the court may enter a stipulated judgment. Id. at 1355. In this context—when the employees are represented by counsel—there is some assurance that the employees' rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. To that end, the Court notes that Plaintiffs are represented by counsel in the present action.

After reviewing the Parties' Joint Motion for Settlement Review and Approval (Doc. No. 21), the Court finds that there is a bona fide dispute regarding

claims arising under the FLSA, and the Settlement Agreement submitted by the Parties (Ex. A, Doc. No. 21-1) is a fair and reasonable resolution to this action. Although Defendants deny Plaintiffs' allegations of wrongdoing, the Parties engaged in an arms-length settlement negotiation and eventually agreed upon terms to resolve this dispute.

Accordingly, the Court **GRANTS** the Parties' Joint Motion for Settlement Review and Approval (Doc. No. 21) and **APPROVES** the Settlement Agreement (Ex. A, Doc. No. 21-1). The Court **DIRECTS** the Clerk to **ADMINISTRATIVELY CLOSE** this case[1] and **DIRECTS** the Parties to file a Joint Stipulation of Dismissal with Prejudice as to Plaintiffs' claims once all payments are made under the Settlement Agreement.

**SO ORDERED**, this 24th day of January, 2017.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[1] Administrative closure is a docket-control device used by the Court for statistical purposes. Either party may file a motion to reopen the case if necessary. Administrative closure will not prejudice the rights of the Parties to this litigation in any manner.

3